IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| GREGORY J. KUDASZ,<br>   Plaintiff,<br>v.<br>MANATRON INC.,<br>GREGORY A. EFFREIN,<br>DOES 1-30, INCLUSIVE,<br>   Defendants. | Civil Action No. 3:10CV106 |

**EXHIBIT 1**

**TO**

**MANATRON INC.'S COUNTERCLAIMS AGAINST PLAINTIFF**

Nondisclosure Agreement

# NONCOMPETE AND NONDISCLOSURE AGREEMENT

This Noncompete and Nondisclosure Agreement ("Agreement") dated  5-3)-07 , is entered into between MANATRON INCORPORATED, a Michigan corporation, together with its divisions and/or subsidiaries, ("Manatron") and  Gregory J Kudasz  ("Employee").

RECITALS

In the course of employment with Manatron, Employee will become familiar with confidential and proprietary information, including customer lists and other customer information, procedural and technical needs, problems, developments and projects, as well as activities directed thereto, and trade secrets of Manatron. Accordingly, in consideration of such employment, and/or the continuation of such employment by Manatron, and of such compensation as may be paid to Employee in connection with such employment, as well as other good and valuable consideration, the parties hereto agree as follows:

Section 1. Patents, Copyrights and Intellectual Property.

A. Employee hereby agrees for himself/herself, his/her heirs and representatives, to assign, transfer and set over, and does hereby assign, transfer and set over to Manatron, its successors and assigns, all his/her right, title and interest in and to any and all creations which are or may become legally protectible or recognized as forms of property including all designs, ideas, inventions, improvements, writings and other works of authorship, theses, books, computer programs, lectures, illustrations, photographs, motion pictures, scientific and mathematical models, prints and any other subject matter which is or may become legally protectible or recognized as a form of property which Employee, either solely or jointly with others, has conceived, made or suggested, or may hereafter conceive, make or suggest, during his/her employment by Manatron or its successors (and the six-month period following the termination of such employment) and which in any way relates directly or indirectly to its business, procedural, technical, or commercial needs, problems, developments or projects or to its production, research or experimental developments and projects of every name and nature under consideration and/or being carried on by or for Manatron prior to termination of Employee's employment.

B. Employee further agrees to execute, acknowledge, make and deliver to Manatron or its attorneys without additional compensation but without expense to Employee, any and all instruments, including United States and foreign patent applications, applications for securing, protecting or registering any property rights embraced within this agreement, powers of attorney, assignments, oaths or affirmations, supplemental oaths and sworn statements, and to do any and all lawful acts which in the judgment of Manatron or its attorneys may be needful or desirable to vest in or secure for or maintain for the benefit of Manatron adequate patent and other property rights in the United States and all foreign countries with respect to any and all such designs, ideas, inventions, improvements, and other creations embraced within this agreement, whether published or unpublished, and whether or not the subject of statutory industrial property or copyright protection.

C. Employee further agrees in connection with paragraph 1.A. hereof to disclose promptly to Manatron or its attorneys any and all such ideas, designs, inventions, improvements, and other creations when conceived or made by him/her.

Section 2. Confidential or Proprietary Information. Employee agrees that during and after his/her employment with Manatron, he/she will not disclose any of Manatron's confidential or proprietary information to any person, firm, corporation, association or other entity (other than to appropriate persons in Manatron's organization) for any reason or purpose whatsoever; nor will Employee use any such confidential or proprietary information for his/her own benefit, or for the benefit of any person, firm, corporation or other entity except Manatron.

For purposes of this Agreement, the term "confidential or proprietary information" shall include, but not be limited to; Manatron's trade secrets, technical information developed by Manatron, Manatron's costs, existing or potential customers, customer lists, market studies, market plans and strategies, pricing formulas, financial information, new product plans, systems, improvements, computer programs, sources of supply and services, formulas, and methods, or other information relating to Manatron's business, books and records, and private processes, as they may exist from time to time, which Employee may have acquired, developed, or obtained by virtue of working for Manatron.

Section 3. Nonretention of Materials. Upon termination of Employee's employment with Manatron, Employee shall promptly deliver to Manatron, and not keep or deliver to any other person, firm, corporation, association, or other entity, the originals and all copies of all manuals, letters, notes, notebooks, data stored in computers or computer storage drives, or any other tangible expressions of Company information that are confidential or proprietary in nature that relate to Manatron's business, which are in employee's possession and control.

Section 4. Covenant Not to Compete. Employee agrees that during the term of employment with Manatron and for a period of twelve (12) months after termination of employment (whether voluntarily or involuntarily), Employee will not enter employment with, directly own an interest in, manage, operate, control, participate in the business of, or service as an independent contractor or otherwise, any organization doing business in any geographic area in which Manatron does business, whose business is similar to or in competition with that of Manatron, without the express written authorization from the President of Manatron. Employee

acknowledges that such authorization may be withheld for any reason at the sole discretion of the President of Manatron.

Section 5. Non-Solicitation of Customers and Suppliers. Employee agrees that during his/her time of employment with Manatron he/she shall not, directly or indirectly, solicit the business of, or do business with, any customer or prospective customer, for any purpose other than for the benefit of Manatron. Employee further agrees that for twelve (12) months following termination of his/her employment with Manatron, including without limitation termination by Manatron for cause or without cause, Employee shall not, directly or indirectly, solicit the business of, or do business with, any customers or prospective customers of Manatron.

Section 6. Non-Solicitation of Employees. Employee agrees that, during his/her employment with Manatron and for twelve (12) months following termination of Employee's employment with Manatron, including without limitation termination by Manatron for cause or without cause, Employee shall not, directly or indirectly, solicit or induce, or attempt to solicit or induce, any employee, current or future, of Manatron to leave Manatron for any reason whatsoever, or hire any current or future employee of Manatron.

Section 7. Termination of Employment. Nothing in this Agreement shall be construed to constitute an agreement or commitment of employment by Manatron to Employee for any particular period of time or to limit in any way the right of Manatron or Employee to terminate the employment at will. Termination of employment shall not relieve Employee of any obligations contained in this Agreement which shall continue in force and effect after termination of employment.

Section 8. Restrictive Covenants. Employee represents and warrants that his/her experience and capabilities are such that the restrictive covenants set forth herein will not prevent him/her from earning his/her livelihood and that Employee will be fully able to earn an adequate livelihood for him/herself and his/her dependents if any of such provisions should be specifically enforced against Employee.

Section 9. Remedies. Employee recognizes and acknowledges that in the event of any default in, or breach of any of the terms, conditions and provisions of this Agreement (either actual or threatened) by Employee, Manatron's remedies at law shall be inadequate. Accordingly, Employee agrees that in such event, Manatron shall have the right to specific performance and/or injunctive relief in addition to any and all other remedies and rights at law or in equity, and such rights and remedies shall be cumulative. The covenants of the Employee set forth herein are of the essence of this Agreement; they shall be construed as independent of any other provision in this Agreement; and the existence of any claim or cause of action of the Employee against Manatron, whether predicated on this Agreement or not, shall not constitute a defense to the enforcement by Manatron of these covenants.

Section 10. Successors and Assigns. This Agreement shall inure to the benefit of and be binding upon the successors and assigns of Manatron, including all subsidiaries and affiliated companies thereof.

Section 11. Severability of Provisions. If any term or provisions of this Agreement are illegal or invalid for any reason, such illegality or invalidity shall not affect the validity or enforceability of the remainder of this Agreement, and the parties agree that a court may modify such invalid provision to the extent necessary to be valid under applicable law, and as so curtailed, such provision shall be enforceable.

Section 12. General. This Agreement supersedes all earlier agreements made between Employee and Manatron without extinguishing or diminishing in any manner whatsoever rights heretofore acquired by it under any such previous or current contract or covenant otherwise.

Section 13. Applicable Law. This Agreement shall be governed exclusively by the laws of the State of Michigan.

Section 14. Employee's Responsibility for Confidential Information. Employee represents that employment with Manatron and the performance of his/her duties does not violate any agreements, responsibilities, or relationships existing between Employee and any person, organization, or entity. Employee also agrees not to disclose to Manatron any confidential information derived from sources other than employment with Manatron which employee has an obligation not to disclose.

Section 15. General. This Agreement contains the entire understanding of the parties relating to the subject matter of this Agreement and supersedes that portion of any prior agreements regarding the subject matter of this Agreement. This Agreement may not be amended, modified or waived, except by a writing signed by Employee and the President of Manatron.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first-above written.

MANATRON INCORPORATED

By _____

Its _____

EMPLOYEE _____

Witness: _____

Date: 8-31-07

04/01/2004