IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| GREGORY J. KUDASZ,<br>　　　　　Plaintiff,<br>　v.<br>MANATRON INC.,<br>GREGORY A. EFFREIN,<br>DOES 1-30, INCLUSIVE,<br>　　　　　Defendants. | Civil Action No. 3:10CV106 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW Defendants Manatron, Inc. ("Manatron") and Gregory A. Effrein ("Effrein") (collectively "Defendants") and hereby submit this Response to Plaintiff's Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

On July 16, 2010, Plaintiff filed his Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. No. 29.) Three days later, on July 19, 2010, Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint and purported to incorporate all the objections from his Motion to Strike as part of his Response. (Doc. No. 30.) As a result, out of an abundance of caution, Defendants were forced to briefly address the allegations and objections contained in Plaintiff's Motion to Strike in their Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. No. 31.) Defendants now address in further and greater detail the clear deficiencies of Plaintiff's Motion to Strike as well as the groundless objections contained therein and demonstrate that Plaintiff's Motion to Strike should be denied.

## II. ARGUMENT

### A. Plaintiff's Motion to Strike is Impermissible under Federal Procedural Rules

Plaintiff's Motion to Strike is entirely impermissible under the Federal Rules of Civil Procedure and fails as a matter of law. Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) As a result, a motion to strike under Rule 12(f) *does not apply to motions*, only pleadings. *See* Fed. R. Civ. P. 12(f); *see, e.g., Jones v. Buncombe County,* No. 1:10-cv-42-1, 2010 WL 1958595, at *4 (W.D.N.C. May 14, 2010) (summarily dismissing the plaintiff's motion to strike the defendants' motion to dismiss because "Rule 12(f) only applies to pleadings and a Motion to Dismiss is not a pleading") (contained in Doc. No. 31-1). Thus, as a matter of law, Plaintiff's Motion to Strike Defendants' Motion to Dismiss is a legal impossibility, impermissible under federal procedural rules, and must be denied.

### B. To the Extent Plaintiff's Motion is Not Denied as Improper under the Federal Rules, Plaintiff Fails to Establish Any Reason to Strike Defendants' Motion to Dismiss

#### 1. Plaintiff Fails to Assert Any Valid Basis under Rule 12(f) to Strike Any Matter from Defendants' Motion to Dismiss

A motion to strike under Rule 12(f) is not an open license to broadly attack a pleading for any reason a plaintiff can possibly imagine. As stated above, Rule 12(f) only allows the movant specifically to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's Motion to Strike fails to allege that there are *any* insufficient defenses in Defendants' Motion to Dismiss. Equally lacking, Plaintiff fails to allege that anything in Defendants' Motion is redundant, immaterial, impertinent, or scandalous in any way. Indeed, Plaintiff does not quote or refer to a single sentence of Defendants' Motion whatsoever.

2

Rather, Plaintiff describes a preposterous tale of Defendants' alleged scheme to "stymie" Plaintiff into failing to amend his Complaint. Thus, Plaintiff has failed to assert any valid basis under Rule 12(f) to strike anything from Defendants' Motion – let alone the Motion to Dismiss in its entirety – and, as a result, Plaintiff's Motion to Strike should be denied.

### 2. Defendants' Motion to Dismiss is Not Untimely

Defendants' Motion to Dismiss Plaintiff's Complaint was timely filed because Defendants preserved their right to file a motion to dismiss at a later date in accordance with local and federal rules. The Local Rules for the United States District Court for the Western District of North Carolina provide:

> *Motions Contained in Initial Responsive Pleadings.* Motions to dismiss contained in answers to complaints, replies to counterclaims, or answers to crossclaims are considered by the Court to be preserved. A party wishing to have decided any preserved motion shall file a separate motion and supporting brief.

LCvR 7.1(C)(1). And, "[r]ule 12 motions contained in an Answer, but not supported by a brief, *act as placeholders* and do not prevent joinder of the issues." LCvR 16.1(D) (W.D.N.C.) (emphasis added). Further, the Federal Rules of Civil Procedure state: "No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b). And, "[f]ailure to state a claim upon which relief can be granted…may be raised…in any pleading allowed or ordered under Rule 7(a)," which includes an "answer to a complaint." Fed. R. Civ. P. 12(h)(2)(A); Fed. R. Civ. P. 7(a).

In accordance with these rules, the *first sentence* of Defendants' Answer states: "COME NOW Defendants Manatron, Inc. ("Manatron") and Gregory E. Effrein ("Effrein") (collectively, "Defendants") and, *subject to their motion to dismiss to be filed at a later date,* respond to Plaintiff's Complaint as follows." (Doc. No. 19 at 1) (emphasis added.) This is then reiterated

3

in the *first* affirmative defense of Defendants' Answer which states: "Each of the causes of action in Plaintiff's Complaint fails to state a claim against Defendants upon which any relief may be granted." (Doc. No. 19 at 15.) Thus, under the plain language of both the local and federal rules, by including all necessary motion to dismiss language in their Answer and expressly stating that a full motion to dismiss will be filed at a later date, Defendants properly preserved their right to file a motion to dismiss and clearly placed Plaintiff on notice of their intention to do so. As a result, Defendants' subsequently filed "separate motion and supporting brief" was timely, and Plaintiff's objection is without merit.

### 3. Defendants' Motion to Dismiss was Filed in Good Faith

The remainder of Plaintiff's Motion to Strike is perplexing. Plaintiff appears to make a generalized objection that Defendants' Motion to Dismiss was filed in bad faith and/or that Defendants communicated with Plaintiff in bad faith as part of some alleged scheme to "stymie" or "delay" Plaintiff from seeking to amend his Complaint. Such an objection is not only without merit but fails to make practical sense.

#### a. Plaintiff's Opportunity to Amend as a Matter of Course Passed Before the Filing of Defendants' Motion to Dismiss

It makes no sense to suggest that Defendants filed a motion to dismiss for the purpose "delaying" Plaintiff from filing an amended complaint because the time period in which Plaintiff could have amended his Complaint *as a matter of course* under Rule 15 of the Federal Rules of Civil Procedure ended on June 1, 2010,[1] over a week before the filing of Defendants' Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within…21 days after service of a responsive pleading"). Thus, if it had been Plaintiff's intention to amend his Complaint, he could have rightfully done so as a matter of course – with

---

[1] 21 days after the filing of Defendants' Answer to Plaintiff's Complaint on May 11, 2010 (Doc. No. 19).

4

or without Defendants' consent – well before the filing of Defendants' Motion.

### b. Defendants Have Never Done Nor Could Do Anything to Prevent Plaintiff from Filing a Motion to Amend His Complaint

From a purely practical standpoint, Defendants have never done *nor could do* anything to "prevent," "stymie," or "stall" Plaintiff from filing a motion seeking to amend his Complaint. Plaintiff could file and, indeed, still may file a motion seeking to amend his Complaint at any time. Of course, Defendants may withhold consent and/or object to the request to amend, but this does not prevent Plaintiff from filing the motion or seeking such leave in the first place. In any case, Plaintiff's attempt to blame Defendants for his own failure to file a particular motion certainly does not merit "striking" Defendants' properly filed Motion to Dismiss.[2] Nothing alleged in Plaintiff's laundry list of emails and accusations purportedly substantiating a plot by Defendants' counsel to deter Plaintiff from seeking to amend his Complaint changes this simple fact.

### c. Defendants Have Acted in Good Faith at All Times

Plaintiff appears to generally accuse Defendants' counsel of communicating with Plaintiff in bad faith. In support of this accusation, Plaintiff relates a description of events that is at best a gross mischaracterization. Defendants and their counsel have always communicated with Plaintiff and filed all motions and pleadings in good faith, and, as a result, any motion to strike based upon Defendants' alleged "bad faith" should be denied.

---

[2] Plaintiff also asserts that Defendants' Motion to Dismiss is a "waste of judicial resources because of the mootness" that would be allegedly created "after the filing of [sic] amended complaint." (Doc. No. 29-1 at 4.) As any delay in seeking to amend the Complaint is purely due to Plaintiff's own delay in moving for such relief, any potential for wasted judicial resources is just one of many factors indicating that this Court should deny Plaintiff leave to amend. Defendants have briefly outlined many of the reasons such relief should be denied in their Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 31) and expressly reserve the right to present any further and additional objections as Defendants deem necessary should Plaintiff ever formally seek leave to amend the Complaint in an appropriate motion.

### i. Defendants Communicated with Plaintiff in Good Faith Regarding Consent to Amend Plaintiff's Complaint

On or about May 2, 2010, Defendants' counsel gave Plaintiff consent to seek specific amendments to Plaintiff's Complaint providing that such amendments were made before the end-of-business on May 10, 2010 because Defendants' Answer was due on May 11, 2010. *See* Defendants' Counsel's Email to Plaintiff dated May 2, 2010 (Doc. No. 17-2). As Defendants' counsel clearly stated that the consent was only for specific amendments and was subject to a deadline associated with Defendants' own Answer deadline, Defendants question Plaintiff's statement that "Plaintiff understood that because of the consents that were made and the fact that an answer to the complaint was filed on May 11, 2010, Defendants through counsel were consenting to the filing of an amended complaint." (Doc. No. 29-1 at 2.) Any consent expired at the end-of-business on May 10, 2010 and Plaintiff, despite his assertions, was well aware of this fact.

At no time subsequent to the communications and deadlines discussed above did Defendants consent to any Complaint amendments or give Plaintiff *any* indication that consent should be expected, presumed, guaranteed, or otherwise granted. Rather, as the very email Plaintiff attaches as Exhibit 1 to the Motion to Strike indicates, Defendants reasonably informed Plaintiff on more than one occasion that if he wanted Defendants' consent to amend his Complaint, Plaintiff should submit to Defendants a proposed amended complaint for their consideration. (Doc. No. 29-1 at 9.)[3] To date, Plaintiff has not provided any such proposed amended Complaint and, as a result, Defendants have neither given nor withheld consent to amend. Thus, Defendants have always been forthright with Plaintiff and have acted in good faith

---

[3] "If you wish for us to consider your request to amend your complaint, we again ask that you submit a proposed amended complaint for our consideration."

with respect to Plaintiff's alleged attempts to gain Defendants' consent to amend Plaintiff's Complaint.

          ii.        **Defendants Communicated with Plaintiff in Good Faith to Clarify Confusion Regarding Plaintiff's Represented Status**

On or about Friday, May 28, 2010, attorney Martha Thompson contacted Defendants' counsel and informed them that she was not retained by Plaintiff but may soon be retained with regard to this matter.[4] On or about Monday, May 31, 2010, Plaintiff informed Defendants' counsel that Ms. Thompson *had* been retained to represent Plaintiff with regard to Defendants' counterclaims against Plaintiff *but not* with regard to Plaintiff's claims against Defendants. As Defendants' counsel had now received differing information from Plaintiff and Ms. Thompson regarding Plaintiff's represented status (and, if represented, the scope of that representation), a very real confusion was created between the parties. As a result, Defendants' counsel sought clarification by sending to Plaintiff and Ms. Thompson the email to which Plaintiff refers in his Motion to Strike, stating, "There seems to be difference of understanding between the two of you. I look forward to clarification." Subsequently, it was affirmed that Plaintiff would be represented by Ms. Thompson with regard to Defendants' counterclaims against Plaintiff but that Plaintiff would be considered *pro se* with regard to Plaintiff's claims against Defendants. Despite that Plaintiff consistently refers to Ms. Thompson as the "un-retained counsel," it is Defendants' understanding that this representational relationship still exists.[5]

As a result, Defendants' communications with Plaintiff have at all times been in good

---

[4] It is believed by Defendants that Ms. Thompson is the attorney referred to throughout Plaintiff's Motion to Strike.

[5] Indeed, as Plaintiff consistently describes Ms. Thompson as "un-retained," Plaintiff's Motion to Strike appears to once again cause confusion on this point. Defendants expressly request that if Plaintiff is no longer represented by counsel in any capacity, Plaintiff inform Defendants' counsel as soon as possible.

7

faith, and Plaintiff's assertion that Defendants' counsel sought clarification as to Plaintiff's represented status to delay Plaintiff from seeking to amend his Complaint borders on the absurd. Similarly, Plaintiff's secondary assertion that, in seeking such clarification, Defendants' counsel was attempting to force Plaintiff to "expend resources" and "pay an attorney" is equally preposterous. Defendants merely took reasonable steps to clarify an otherwise unclear representational relationship. Defendants acted in good faith with respect to all interactions with Plaintiff and, as a result, any purported Motion to Strike on this basis should be denied.

### C. Defendants' Motion to Dismiss Should Not be Converted into a Motion for Summary Judgment

While it is well settled that district courts may convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment in certain circumstances, Plaintiff's suggestion that such a conversion should even be considered is baseless, and to do so would be inappropriate in the present matter. *See* Fed. R. Civ. P. 12(d); *see also, e.g., Bosiger v. U.S. Airways, Inc.,* 510 F.3d 442, 450 (4th Cir. 2007) (describing the authority and discretion of district courts to make such a conversion and finding conversion appropriate due to consideration of extensive evidence outside the pleadings). Defendants' Motion to Dismiss demonstrates that Plaintiff's Complaint fails to state a claim upon which relief can be granted by relying on the facts as stated in Plaintiff's Complaint. Defendants have not sought to introduce new facts, discovery, affidavits, statements, or any other documentation or information in support of its Motion. Indeed, the parties have yet to even begin discovery.[6] As a result, conversion to the summary judgment

---

[6] To the extent the Court believes there is any extraneous information or facts outside the pleadings relied upon by Defendants in support of their Motion to Dismiss, Defendants respectfully invite the Court, in its broad discretion, to ignore and/or not consider such information or facts in ruling on Defendants' Motion under the Rule 12(b)(6) standard. *See, e.g., Berry Floor NV v. LG Sourcing, LLC,* No. 5:09-cv-14, 2010 WL 1633173, at *4 (W.D.N.C. April 21, 2010) (finding a motion to dismiss exhibit was not "integral to" or "explicitly relied on" in the complaint and choosing to refrain from considering the exhibit rather than converting to a summary judgment standard) (contained in Doc. No. 31-1).

standard would be improper, and this Court should consider Defendants' Motion to Dismiss only under the Rule 12(b)(6) standard.

### III. CONCLUSION

For the reasons set forth, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike Defendants' Motion to Dismiss Plaintiff's Complaint.

Dated this the 2nd day of August, 2010.

Respectfully submitted,

s/H. Bernard Tisdale III
NC Bar No. 23980
*Attorney for Defendants*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
Email: bernard.tisdale@ogletreedeakins.com


s/John A. Shedden
NC Bar No. 38499
*Attorney for Defendants*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704.342.2588
Facsimile: 704.342.4379
Email: john.shedden@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I, H. Bernard Tisdale, hereby certify that I have this day electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

Gregory J. Kudasz
*Pro Se Plaintiff*
3611 Mount Holly Huntersville RD
STE 204 Box 386
Charlotte, NC 28216-8706
Email: greg@title11.org


Dated this the 2nd day of August, 2010.

    s/H. Bernard Tisdale III
    NC Bar No. 23980
    *Attorney for Defendants*
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    201 South College Street, Suite 2300
    Charlotte, NC 28244
    Telephone: 704.342.2588
    Facsimile: 704.342.4379
    Email: bernard.tisdale@ogletreedeakins.com